# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

№ 06-CV-03325 (JFB)

JOHN F. MONTGOMERY,

Plaintiff,

VERSUS

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

MEMORANDUM AND ORDER
November 19, 2008

JOSEPH F. BIANCO, District Judge:

Presently before this Court is the motion for attorney fees submitted by counsel for plaintiff John F. Montgomery, pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1), to be paid out of the past-due benefits awarded to plaintiff as a result of this lawsuit. In particular, plaintiff's counsel requests an award of $10,000 in attorney fees from the past-due social security benefits for services rendered by counsel in successfully representing plaintiff before this Court. The Commissioner of Social Security (the "Commissioner") submitted a response to counsel's motion, noting that, if counsel for plaintiff's motion were granted in its entirety, he would be receiving attorney fees at an hourly rate of $655.74. For the reasons set forth below, the motion by plaintiff's counsel, Charles Binder, Esq., of Binder and Binder, for attorney fees of $10,000 is granted.

I. BACKGROUND

On March 11, 2003, plaintiff filed an application for Social Security disability benefits, alleging disability since March 21, 2002. (Affirmation of Charles E. Binder, Esq., dated September 18, 2008 ("Binder Aff."), at ¶ 1.) On June 25, 2003, that application was denied and, on June 26, 2003, plaintiff timely requested an administrative hearing. (*Id.*) On January 18, 2005, a hearing was held before Administrative Law Judge ("ALJ") David Z. Nisnewitz, and plaintiff appeared and testified with the assistance of prior counsel. (*Id.*, at ¶ 2.) On May 5, 2005, ALJ Nisnewitz issued a decision finding that plaintiff was not disabled within the meaning of the Social Security Act. (*Id.*)

On June 3, 2005, plaintiff retained present counsel, Binder and Binder, Esq., to continue to seek such benefits. (*Id.*, at ¶ 3.) In connection with that representation, plaintiff

signed a retainer agreement which provided that the fee for successful representation would be 25% of the past-due benefits awarded to him and his eligible family members. (*Id.*) On June 6, 2005, counsel requested a review of the ALJ's decision by the Appeals Council. (*Id.*) On April 7, 2006, comments were submitted in support of plaintiff's claim. (*Id.*) On May 12, 2006, the Appeals Council denied the request for review. (*Id.*)

On July 10, 2006, plaintiff, with present counsel, filed the instant lawsuit in this Court. On December 14, 2006, the undersigned signed a Stipulation and Order which reversed the final decision of the Commissioner and remanded the matter to an Administrative Law Judge for a *de novo* hearing. Based on the successful appeal to this Court, plaintiff sought an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and was awarded $2,535.31 in EAJA fees.

Pursuant to this Court's Order, by written notice dated January 11, 2007, the Appeals Council vacated the final decision of the Commissioner and remanded the matter to an Administrative Law Judge ("ALJ") for a second hearing. (*Id.,* at ¶ 6.) On November 15, 2007, plaintiff appeared with present counsel at a *de novo* hearing before ALJ Seymour Rayner and, on December 5, 2007, ALJ Rayner issued a decision finding plaintiff disabled within the meaning of the Social Security Act as of his alleged onset date. (*Id.*)

As required by the Social Security Act, the Commissioner withheld 25% of the total past-due benefits payable to plaintiff and his family, so that plaintiff's counsel could (1) petition the Social Security Administration under Section 406(a) for approval of a reasonable fee as compensation for services during the proceedings at the agency level; and (2) seek an award from this Court under Section 406(b) for the services rendered in connection with representation in the instant lawsuit. (*Id.*, at ¶ 6, and Exhs. A and B.) The total amount that was withheld by the Social Security Administration for the payment of plaintiff's legal fees was $25,966. (*Id.,* at ¶ 11, and Exhs. A and B.) Plaintiff's counsel has not yet applied for attorney fees under Section 406(a) for legal services provided before the agency. (Binder Aff., at ¶ 13.) As noted above, on January 25, 2007, plaintiff's counsel did receive, pursuant to a stipulation and order, an award of fees of $2,525.31 under the EAJA. (*Id.,* at ¶ 5.)

On September 18, 2008, counsel for plaintiff filed his motion for attorney fees under Section 406(b)(1). The amount being sought in the instant motion – namely, $10,000 – is less than the 25% of the past-due benefits awarded plaintiff and his family. Moreover, plaintiff's counsel acknowledges that, if his motion under Section 406(b) is granted, he will turn over to plaintiff the $2,525.31 in fees awarded under the EAJA. (*Id.*, at ¶ 13.)

II. DISCUSSION

A. Applicable Legal Standard

Section 406(b)(1)(A) provides, in relevant part, the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due

2

benefits to which the claimant is entitled by reason of such judgment, . . . .

42 U.S.C. § 406(b)(1)(A). With respect to a contingency fee arrangement in a successful social security case, the Second Circuit has held that "the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) ("*Wells II*"). It is for the Court to determine whether the amount of the fee being requested under Section 406(b) is reasonable. *Wells II,* 907 F.2d at 372; *see also Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002) (approving the Section 406(b) fee determination framework articulated by the Second Circuit in *Wells II*). In establishing this "reasonableness" test, the Second Circuit has articulated several key principles:

> First, enhancements for the risk of nonpayment are appropriate considerations in determining the § 406(b) fees . . . . Second, the traditional lodestar method, borrowed from fee-shifting contexts, is not appropriate for evaluating a reasonable fee to be paid by the client in a social security case where there is a contingent fee agreement . . . . Third, because § 406(b) requires the district court to review the reasonableness of any requested fee, contingent fee agreements cannot simply be adopted as *per se* reasonable in all social security cases. We must recognize, however, that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment. Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties.

*Wells II*, 907 F.2d at 371 (citations omitted).

Thus, the Second Circuit also has identified a number of factors that a court should consider in determining whether to approve as "reasonable" the full amount requested under a contingency fee arrangement: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372 (citations omitted). In *Gisbrecht*, the Supreme Court provided some illustrations where courts have found it appropriate to reduce contingency fees, after testing them for reasonableness, because of a windfall to the attorney:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is

3

similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

535 U.S. at 808 (citations omitted); *see also Joslyn v. Barnhart,* 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005) (citations omitted) (considering the following factors in determining whether an award should be reduced because of a purported windfall to plaintiff's attorney: "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases").

### B. Analysis

In the instant case, it is undisputed that the $10,000 fee sought by plaintiff's counsel is less than the 25% cap of past-due benefits awarded to plaintiff and his family. Similarly, there is no allegation, and nothing in the record, to suggest that there was fraud or overreaching in the making of the fee agreement. Thus, the key issue is whether the amount sought represents a windfall to plaintiff's attorney. As discussed below, after reviewing the submissions in this case, the Court concludes that the amount sought does not represent a windfall to counsel and, instead, the Court finds that the amount of fees sought is reasonable under the circumstances of this case.

First, Mr. Binder's affirmation sets forth his extensive experience in handling Social Security disability cases both at the administrative and Federal Court level for a number of years. (Binder Aff., at ¶ 9.) Second, as contained in the affirmation, his firm spent a total of 15.25 hours on the instant lawsuit, with thirteen of those hours involving the services of Eddie Pierre Pierre at the Binder firm, who has represented thousands of claimants at administrative hearings and handled many district court appeals. (*Id.,* at ¶¶ 10, 12.) In connection with this lawsuit, the firm, among other things, drafted and filed the complaint, analyzed the transcript and ALJ decisions, and completed fourteen pages of the brief to be filed in connection with this case before being advised by counsel for the Commissioner in December 2006 that the Commissioner would consent to a remand. (*Id.,* at ¶ 12 and Ex. C.) Counsel accepted the stipulation "in light of the knowledge of the likelihood of the success on remand." (*Id.,* at ¶ 12.) Finally, there is absolutely no indication that counsel unreasonably delayed proceedings in an attempt to increase the accumulation of benefits and increase the fee. To the contrary, the agreement to the stipulated remand, noted above, is indicative of a desire to expeditiously resolve the case.

The Commissioner notes that plaintiff's counsel spent 15.25 hours on this case and thus, if the motion is granted in its entirety, counsel will be receiving attorney fees at an hourly rate of $655.75. However, as noted above, the Second Circuit has made clear that courts should not solely focus on hourly rates in determining reasonableness:

[S]ince there is no shifting of fees under § 406(b), courts need not be Solomon-like arbiters of "reasonableness" between the opposing interests of prevailing plaintiffs and losing defendants. Rather, because a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the "reasonableness" of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations.

*Wells II,* 907 F.2d at 371 (citation omitted). Thus, when the requested amount from the contingency agreement is viewed in light of the entire case, the Court concludes that it is reasonable.[1]

In short, the Court concludes that the case was handled efficiently due to the attorney's experience in handling social security cases, the attorney expended time in drafting the complaint and preparing the brief to be filed in this case, and, because of this lawsuit, counsel successfully obtained a stipulated remand for his client. Thus, the $10,000 award pursuant to the contingency agreement is not a windfall to counsel, but rather is reasonable given the character of the representation and the results achieved. Accordingly, after considering all of the factors under Section 406(b), the Court finds that the amount sought is reasonable and appropriate in this case.

### III. CONCLUSION

For the foregoing reasons, plaintiff's counsel's motion for attorney fees, pursuant to 42 U.S.C. § 406(b)(1), is granted in the amount of $10,000, which represents less than 25% of the retroactive benefits awarded to plaintiff and plaintiff's eligible family members that were previously withheld. A separate order regarding the award will be issued simultaneously with this Memorandum and Order. Upon receipt of the order, counsel for plaintiff is directed to remit the EAJA award of $2,535.31 to plaintiff. Nothing in this Memorandum and Order will preclude counsel from requesting fees under 42 U.S.C. § 406(a) for time spent handling plaintiff's case before the Social Security Administration, provided that the combined fees approved under Sections 406(a) and 406(b) do not exceed 25% of the retroactive benefits awarded to plaintiff and plaintiff's eligible family members.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 19, 2008
Central Islip, NY

---

[1] Because the focus is on the reasonableness of the agreement in the context of each case rather than a strict hourly rate, numerous other courts have found fees, which are even higher when calculated based on an hourly rate, to be reasonable, rather than a windfall. *See, e.g., Trupia v. Astrue,* No. 05-CV-6085, 2008 WL 858994, at *3 (E.D.N.Y. March 28, 2008) (finding requested fee to be reasonable despite Commissioner's claim that such an award resulted in an hourly rate of $714.09); *Blizzard v. Astrue,* 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (awarding fee which yielded an hourly rate of $705); *Joslyn,* 389 F. Supp. 2d at 455-56 (awarding fee which yielded an hourly rate of $891.61).

5

* * *

The attorney for plaintiff is Charles E. Binder of Binder and Binder, 215 Park Avenue South, 6th Floor, New York, New York 10003. The attorney for defendant is Thomas A. McFarland of the United States Attorney's Office for the Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.